# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| In re: | ) Case No. 24-43778-mlo |
| | ) |
| INTERACTIVE HEALTH BENEFITS LLC, d/b/a ACA Track, LLC, | ) Judge Maria L. Oxholm |
| | ) |
| | ) Chapter 11 |
| Debtor. | ) *Subchapter V* |
| | ) |

## FIRST DAY MOTION OF DEBTOR FOR ENTRY OF AN ORDER (I) AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH PREPETITION TAXES AND RELATED OBLIGATIONS

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing, but not directing, the Debtor to pay certain prepetition taxes and related obligations, and (b) authorizing and directing applicable banks and financial institutions to honor and process checks and transfers related to such prepetition taxes and related obligations. In further support of this Motion, the Debtor respectfully states as follows:

## STATUS OF THE CASE AND JURISDICTION

1. On the date hereof (the "Petition Date"), the Debtor filed voluntary petitions for relief under subchapter V of chapter 11 of the Bankruptcy Code

(this "Case").  On the Petition Date, the Debtor also filed other motions or applications seeking certain typical "first day" relief.

2. The factual background regarding the Debtor, including its business operations and the events leading to the filing of the subchapter V case, is set forth in detail in the *Declaration of Todd Covert in Support of Chapter 11 Petition and First Day Motions* (the "Covert Declaration"), filed contemporaneously with this Motion and fully incorporated herein by reference.[1]

3. The Debtor is continuing in possession of its property and is continuing to operate and maintain its businesses as debtor in possession pursuant to section 1184 of the Bankruptcy Code.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory bases for the relief requested in this Motion are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Covert Declaration.

## RELIEF REQUESTED

6. In the ordinary course of business, the Debtor is subject to various taxes, regulatory fees and assessments, and related obligations (collectively, the "Taxes") that are payable directly to various taxing authorities (collectively, the Taxing Authorities"). By this Motion, the Debtor seeks authority, but not direction, to pay various unpaid taxes, fees, and related obligations that accrued or assessed before the Petition Date, up to a maximum of $3,000.00.[2] The tax obligations described herein are comprised entirely of current tax obligations, and are not in respect of "catch-up" payments (except with respect to certain trust fund tax obligations that are not property of the Debtor's estate).

7. The Debtor seeks the relief requested in this Motion in the event and to the extent that: (a) the various Taxes and related obligations that accrued or were assessed prior to the Petition Date: (i) were not paid prepetition; (ii) were not processed prepetition; or (iii) were paid in an amount that was less than is actually owed, including amounts subsequently determined upon any audit or otherwise to be due and owing for periods prior to the Petition Date; (b) any payments made prepetition were rejected, lost, not collected, or otherwise not received in full by any

---

[2] By this Motion, the Debtor is not seeking authorization with respect to certain payroll taxes and withholdings related to the Debtor's employees. Rather, such authorization is sought pursuant to the *First Day Motion of Debtor For an Order Authorizing: (A) Payment Of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Reimbursement of Prepetition Employee Business Expenses; (C) Payments For Which Prepetition Payroll and Tax Deductions Were Made; (D) Payment To Third Parties of All Costs and Expenses Incident To The Foregoing Payments And Contributions; and (E) Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn on the Debtor's Payroll Accounts to Make the Foregoing Payments* (the "Employee Wage Motion"), filed contemporaneously herewith.

Taxing Authority; or (c) any Taxes and related obligations that accrued or were assessed prepetition, or will accrue or be assessed postpetition with respect to any prepetition period, will become due during the pendency of this Case in the ordinary course of business.

8. Further, the Debtor requests that the Court authorize the Debtor's banks to receive, process, honor, and pay all checks, drafts, or other forms of payment drawn or issued on the Debtor's bank accounts prior to the Petition Date with respect to such Taxes (or to re-issue checks and electronic transfers, as may be necessary), *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments.

9. As set forth below, the Debtor submits that the Taxes at issue are appropriate for payment to the extent that they are priority or secured claims that are payable in full under a plan or, alternatively, under the "trust fund" theory or on the basis of administrative convenience.

## THE DEBTOR'S PREPETITION TAXES

10. In connection with the normal operation of its business, the Debtor collects, withholds, and/or incurs an assortment of Taxes that it remits periodically to various Taxing Authorities. Certain of the Debtor's cash on hand may be earmarked for payment of the Taxes, as such funds are collected from third parties and held in trust for payment to various Taxing Authorities, and, therefore, may not be property of the Debtor's estate. The United States and many states in which the Debtor operates

have laws providing that the Debtor's officers, directors, or other responsible employees could, under certain circumstances, be held personally liable for the nonpayment of such Taxes. To the extent that any Taxes remain unpaid as of the Petition Date and thereafter in these jurisdictions, the Debtor's officers could be subject to lawsuits or other collection efforts during the pendency of this Case. In addition, non-payment of such Taxes may give rise to priority claims pursuant to section 507(a)(8) of the Bankruptcy Code. In such events, collection efforts by the Taxing Authorities would be extremely distracting for the Debtor and its officers and their collective efforts to bring this Case to an expeditious, successful reorganization. Accordingly, the Debtor submits that the requested relief is in the best interests of the Debtor's estate.

I. **Types of Taxes**

    A. **Franchise Taxes**

11. Certain state and local Taxing Authorities require the Debtor to pay franchise taxes (collectively, the "Franchise Taxes"). In various jurisdictions, the Debtor pays such taxes to state and local governments in order to remain in good standing for purposes of conducting business within the state. Generally, the Debtor remits such Franchise Taxes to the Taxing Authorities annually, and they are due in May. The Debtor estimates that, as of the Petition Date, approximately $2,000.00 of Franchise Taxes are accrued and unpaid, and the Debtor seeks authority, but not

direction, to pay any Franchise Taxes that come due during this Case, whether or not attributable to the prepetition period.

B. **Personal Property Taxes**

12. In the ordinary course of business, certain Taxing Authorities in jurisdictions where the Debtor's operations are located are granted the authority to levy property taxes against the Debtor's personal property (collectively, the "Personal Property Taxes"). The Debtor believes that it is current on all Personal Property Taxes as of the Petition Date. However, to the extent that any Personal Property Taxes were accrued but not paid prior to the Petition Date, and the Debtor seeks authority and discretion to pay any Personal Property Taxes that come due during this Case, whether or not attributable to the prepetition period.

C. **Regulatory and Licensing Fees**

13. Laws and regulations in jurisdictions in which the Debtor operates require the Debtor to pay fees (collectively, the "Regulatory and Licensing Fees") to obtain a range of licenses and permits from a number of different governmental units. The methods for calculating amounts due for such licenses and permits, and the deadlines for paying such amounts, vary by jurisdiction. The Debtor believes that it is current on all Regulatory and Licensing Fees incurred as part of normal operations. However, to the extent that any such fees were accrued but not paid prior to the

Petition Date, the Debtor requests authority and discretion to pay such amounts as they come due in the ordinary course of business.

        D.    **Other Taxes**

14.    In the ordinary course of business, the Debtor may collect, withhold, or incur other miscellaneous taxes, fees, or charges, all as determined by the particular state within which the Debtor operates (collectively, the "<u>Other Taxes</u>"). The Debtor believes that it is substantially current on its obligations with respect to Other Taxes. However, out of an abundance of caution, the Debtor requests authority, but not direction, to pay Other Taxes that are due or become due and payable during this Case, whether such Other Taxes relate to the pre or postpetition period.

**II.**    <u>**Method of Payment**</u>

15.    As stated above, in connection with the normal operation of its business, the Debtor incurs and collects Personal Property Taxes, Regulatory and Licensing Fees, and Other Taxes (collectively referred to herein as "<u>Taxes</u>," as defined above). These Taxes are paid to the Taxing Authorities on a periodic basis (generally monthly, quarterly, or annually), depending on the particular tax.

16.    In the ordinary course of business, the Debtor from time to time undergoes audits and reviews conducted by the various Taxing Authorities. While the estimates set forth in this Motion are based on the Debtor's good-faith assessment of such amounts due on a prepetition basis, there is a possibility that, because of such

7

33407946.4

24-43778-mlo    Doc 7    Filed 04/16/24    Entered 04/16/24 21:48:42    Page 7 of 20

audits, one or more of the various Taxing Authorities may, at some later date, assess additional Taxes. Accordingly, by this Motion, the Debtor also requests authority, but not direction, to pay any such undisputed amounts that are later determined to be due and owing on a postpetition basis, including any interest and penalties imposed by any Taxing Authorities with respect thereto.

## BASIS FOR RELIEF

17. The Debtor wishes to remain current on its outstanding Taxes and fees and avoid potential liability for non-payment. The Debtor's failure to pay the Taxes and Fees would have a detrimental impact on its ability to operate its businesses in the ordinary course. Furthermore, if the Debtor fails to pay the Taxes and Fees, it is likely that the Taxing Authorities would become active in this Case, possibly creating undue delay and complications to the Debtor's restructuring efforts.

### I.  The Debtor Has a Strong Business Justification for Paying Taxes and Fees

19. Payment of the Taxes and Fees is appropriate if the Debtor demonstrates a "business justification" for making such payments. *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). Payment of prepetition claims is appropriate when payment will help to "stabilize [the] debtor's business relationships without significantly hurting any party." Russell A. Eisenberg and Frances F. Gecker. *The Doctrine of Necessity and Its Parameters*, 73 Marq. L. Rev. 1 (1989); *see also In re UNR Industries, Inc.*, 143 B.R. 506, 520 (Bankr. N.D. Ill. 1992).

20. Similarly, the "doctrine of necessity" allows payment of prepetition obligations where it is in the best interest of all concerned to pay such claims. *See, e.g., In re Payless Cashways, Inc.*, 268 B.R. 543 (Bankr. W.D. Mo. 2001); *In re Just For Feet*, 242 B.R. 821 (D. Del. 1999); *In re Equal Net Communications Corp.*, 258 B.R. 368 (Bankr. S.D. Tex. 2000); *In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D. La. 1989); *In re Ionosphere Clubs, Inc.*, *supra*.

21. Therefore, for the reasons outlined here and in the Covert Declaration, the Debtor submits that payment of the Taxes is appropriate in the Debtor's business judgment and should be authorized pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and the doctrine of necessity.

## II. Payment of Certain of the Taxes Is Appropriate Under Section 507(a)(8) of the Bankruptcy Code

22. The Taxes are not property of the Debtor's estate within the meaning of section 541 of the Bankruptcy Code because the Taxes were collected by the Debtor and held in trust for the benefit of third parties. *See Begier v. Internal Revenue Serv.*, 496 U.S. 53, 55-56, 59-61, 66-67 (U.S. Pa., 1990) (taxes, such as excise taxes, FICA taxes and withholding taxes are property held by a debtor in trust for another and, as such, do not constitute property of its estate); *City of Farrell v. Sharon Steel Corp. (In re Sharon Steel Corp.)*, 41 F.3d 92, 98-103 (3d Cir. 1994) (funds withheld from employees' paychecks may be subject to trust, and thus are not property of a debtor's estate, even where such funds were commingled with the debtor's other property);

*In re American Int'l Airways, Inc., 70 B.R. 102, 103* (Bankr. E.D. Pa. 1987) (funds held in trust for federal excise and withholding taxes are not property of a debtor's estate and, therefore, are not available for distribution to creditors).

23. Because the Taxes do not constitute property of the Debtor's estate, such amounts are not available to the Debtor's creditors. Therefore, immediate payment of the Taxes to the appropriate Authorities will not adversely affect the Debtor's estate or its creditors.

24. Generally, many state and local taxing authorities impose personal liability on officers and directors of entities responsible for collecting trust fund taxes when such taxes are collected without being remitted to the appropriate taxing authorities. Thus, if any of the Taxes remain unpaid, the Debtor's officers and directors may be subject to lawsuits or even criminal prosecution. Such proceedings would constitute a significant distraction for the officers at a time when they should be focused on the Debtor's efforts to stabilize its postpetition business operations and develop and implement a successful restructuring strategy. Moreover, some of the Taxing Authorities may cause the Debtor to be audited if the Taxes are not paid promptly. Such audits would further divert attention and resources from the reorganization process. Finally, non-payment of the Taxes and Fees may jeopardize the Debtor's ability to maintain the necessary permits to conduct business in certain

10
33407946.4
24-43778-mlo    Doc 7    Filed 04/16/24    Entered 04/16/24 21:48:42    Page 10 of 20

states and localities. Uninterrupted business operations are necessary for the Debtor to maintain the proper cash flows in order to restructure its businesses.

25. The Debtor has sufficient cash to promptly pay all of its obligations for the Taxes and Fees in the ordinary course of its businesses, based on the Debtor's general operating revenues. Based on the foregoing, the Debtor believes that the estate will not be materially harmed if the Court permits the Debtor to pay the Taxes and Fees.

26. Notwithstanding the foregoing, the Debtor submits that nothing in this Motion should be construed as impairing the Debtor's right to contest the validity or amount of any Taxes or Fees that may be due to any one of the Authorities, and the Debtor expressly reserves all of its rights with respect thereto.

### III. Financial Institutions Should Be Authorized to Honor and Process Related Checks and Transfers.

27. The Debtor also requests that all applicable banks and other financial institutions (the "Banks") be authorized to (a) receive, process, honor, and pay all checks presented for payment of, and to honor all fund transfer requests made by the Debtor related to the claims that the Debtor requests authority to pay in this Motion, regardless of whether the checks were presented or fund transfer requests were submitted before or after the Petition Date, and (b) rely on the Debtor's designation of any particular check as approved by the Court's order.

11
33407946.4
24-43778-mlo    Doc 7    Filed 04/16/24    Entered 04/16/24 21:48:42    Page 11 of 20

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003(b) ARE SATISFIED

28. Certain aspects of the relief requested herein are subject to Bankruptcy Rule 6003, which governs the availability of certain types of relief within 21 days after the Petition Date. Pursuant to Bankruptcy Rule 6003, a court may grant this relief on an expedited basis if it is necessary to avoid immediate and irreparable harm. The Debtor submits that the facts set forth herein and in the Covert Declaration demonstrate that the relief requested is necessary to avoid immediate and irreparable harm to the Debtor and, thus, Bankruptcy Rule 6003 has been satisfied.

## REQUEST FOR WAIVER OF BANKRUPTCY RULE 6004(h)

29. For the successful implementation of the foregoing, the Debtor seeks a waiver of the fourteen-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As set forth above, and in the Covert Declaration, the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor. Specifically, the payment of the Taxes is essential to prevent potentially irreparable damage to the Debtor's reorganization efforts and ability to preserve, generate, and recover value for the benefit of its estate. Accordingly, the Debtor submits that ample cause exists to justify the waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## RESERVATION OF RIGHTS

30. Nothing contained herein is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtor's estate; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtor's rights to subsequently dispute such claim.

## NOTICE

31. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Internal Revenue Service; (iii) the Taxing Authorities; (iv) those creditors listed on

13
33407946.4
24-43778-mlo    Doc 7    Filed 04/16/24    Entered 04/16/24 21:48:42    Page 13 of 20

each of the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; (v) any banks where the Debtor maintains their bank accounts; and (vi) those parties who have requested service of notice in this Case. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## NO PRIOR REQUEST

32. No previous request for the relief sought herein has been made to this Court or to any other court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: April 16, 2024

Respectfully submitted,

  /s/ Stephen M. Gross
**MCDONALD HOPKINS PLC**
Stephen M. Gross (P35410)
Ashley J. Jericho (P72430)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075
Email: sgross@mcdonaldhopkins.com
           ajericho@mcdonaldhopkins.com

*Proposed Counsel to the Debtor and Debtor in Possession*

# EXHIBIT A

## Proposed Order

33407946.4

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| In re: | ) Case No. 24-43778-mlo |
| | ) |
| INTERACTIVE HEALTH BENEFITS LLC, | ) Judge Maria L. Oxholm |
| d/b/a ACA Track, LLC, | ) |
| | ) Chapter 11 |
| Debtor. | ) *Subchapter V* |
| | ) |

## ORDER (I) AUTHORIZING DEBTOR TO PAY CERTAIN PREPETITION TAXES AND RELATED OBLIGATIONS AND (II) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH PREPETITION TAXES AND RELATED OBLIGATIONS

Upon the *First Day Motion of Debtor for Entry of an Order (I) Authorizing Debtor to Pay Certain Prepetition Taxes and Related Obligations and (II) Authorizing Banks to Honor and Process Checks and Transfers Relating to Such Prepetition Taxes and Related Obligations* (the "Motion")[3] filed by the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtor to pay, in its discretion, certain prepetition taxes and related obligations and (b) authorizing and directing applicable banks and financial institutions to honor and process checks and transfers related to such prepetition taxes and related obligations, all as further described in the Motion; and upon consideration of the Covert Declaration and the

---

[3] Capitalized terms used but not otherwise defined herein shall have the respective meaning ascribed to such terms in the Motion.

record of this case; and this Court having found that (i) this Court has jurisdiction over the Debtor, its estate, property of its estate and to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C § 157(b)(2)(A), (iv) venue of this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409, and (v) no further or other notice of the Motion is required under the circumstances; and this Court having reviewed the Motion and having heard the statements in support of the relief requested in the Motion at a hearing before this Court; and having determined that the legal and factual bases set forth in the Motion and the Covert Declaration establish just cause for the relief granted in this Order; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Without further order of this Court, the Debtor is authorized, but not directed, to pay prepetition Taxes to the Taxing Authorities in the ordinary course of its business, including, without limitation, all Taxes subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date, subject to an aggregate maximum of $3,000.00.

3. Nothing in this Order shall be construed as authorizing the Debtor to pay any amounts on account of past-due taxes or to prepay any taxes, except with respect to trust fund taxes that do not constitute property of the Debtor's estate.

4. This Order is without prejudice to the rights of the Debtor and its estate to contest the validity, priority or amounts of any Taxes or audit amounts on any grounds it deems appropriate, and any rights of the Debtor and its estate with respect to such matters shall be reserved.

5. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtor's estate; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

6. The Banks shall be and hereby are authorized and directed to receive, process, honor and pay all checks and fund transfers on account of the Taxes that had not been honored and paid as of the Petition Date, *provided* that sufficient funds are on deposit in the applicable accounts to cover such payments. The Banks are authorized to rely on the representations of the Debtor as to which checks and fund transfers are authorized to be honored and paid pursuant to this Order.

7. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

8. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtor is hereby authorized to take all actions it deems necessary to effectuate the relief granted in this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.