| | |
|---|---|
| In re: | ) Case No. 24-43778-mlo |
| | ) |
| INTERACTIVE HEALTH BENEFITS LLC, d/b/a ACA Track, LLC, | ) Judge Maria L. Oxholm |
| | ) |
| | ) Chapter 11 |
| Debtor. | ) *Subchapter V* |
| | ) |

**DEBTOR'S NOTICE OF REDLINE SHOWING MODIFICATIONS TO PROPOSED ORDER AUTHORIZING: (A) PAYMENT OF PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) REIMBURSEMENT OF PREPETITION EMPLOYEE BUSINESS EXPENSES; (C) PAYMENTS FOR WHICH PREPETITION PAYROLL AND TAX DEDUCTIONS WERE MADE; (D) PAYMENT TO THIRD PARTIES OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (E) APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PAY ALL CHECKS AND TRANSFERS DRAWN ON THE DEBTOR'S PAYROLL ACCOUNTS TO MAKE THE FOREGOING PAYMENTS**

**PLEASE TAKE NOTICE** that, on April 16, 2024, the Debtor filed its *First Day Motion of Debtor For an Order Authorizing: (A) Payment Of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Reimbursement of Prepetition Employee Business Expenses; (C) Payments For Which Prepetition Payroll and Tax Deductions Were Made; (D) Payment To Third Parties of All Costs and Expenses Incident To The Foregoing Payments And Contributions; and (E) Applicable Banks and Other Financial Institutions to Honor and Pay All Checks*

*and Transfers Drawn on the Debtor's Payroll Accounts to Make the Foregoing Payments* [Docket No. 9] (the "Wages and Benefits Motion").

**PLEASE TAKE FURTHER NOTICE** that, for the convenience of the Court and all parties-in-interest, the Debtors submits a redline of the proposed *Order Authorizing: (A) Payment Of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Reimbursement of Prepetition Employee Business Expenses; (C) Payments For Which Prepetition Payroll and Tax Deductions Were Made; (D) Payment To Third Parties of All Costs and Expenses Incident To The Foregoing Payments And Contributions; and (E) Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn on the Debtor's Payroll Accounts to Make the Foregoing Payments*, attached hereto as **Exhibit A**, showing the changes between the proposed order filed with the Wages and Benefits Motion and the modified proposed order.

[*Remainder of Page Intentionally Left Blank*]

Dated:       April 19, 2024			Respectfully submitted,

   */s/ Ashley J. Jericho*
**MCDONALD HOPKINS PLC**
Stephen M. Gross (P35410)
Ashley J. Jericho (P72430)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile:  (248) 646-5075
Email:  sgross@mcdonaldhopkins.com
       ajericho@mcdonaldhopkins.com

*Proposed Counsel to the Debtor and Debtor in Possession*

# Exhibit A

# Redline

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| In re: | Case No. 24-43778-mlo |
| INTERACTIVE HEALTH BENEFITS LLC, d/b/a ACA Track, LLC, | Judge Maria L. Oxholm |
| | Chapter 11 |
| Debtor. | *Subchapter V* |

## ORDER AUTHORIZING: (A) PAYMENT OF PREPETITION EMPLOYEE WAGES, SALARIES, AND OTHER COMPENSATION; (B) REIMBURSEMENT OF PREPETITION EMPLOYEE BUSINESS EXPENSES; (C) PAYMENTS FOR WHICH PREPETITION PAYROLL AND TAX DEDUCTIONS WERE MADE; (D) PAYMENT TO THIRD PARTIES OF ALL COSTS AND EXPENSES INCIDENT TO THE FOREGOING PAYMENTS AND CONTRIBUTIONS; AND (E) APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PAY ALL CHECKS AND TRANSFERS DRAWN ON THE DEBTOR'S PAYROLL ACCOUNTS TO MAKE THE FOREGOING PAYMENTS

This matter coming before the Court on the *First Day Motion of Debtor For an Order Authorizing: (A) Payment Of Prepetition Employee Wages, Salaries, and Other Compensation; (B) Reimbursement of Prepetition Employee Business Expenses; (C) Payments For Which Prepetition Payroll and Tax Deductions Were Made; (D) Payment To Third Parties of All Costs and Expenses Incident To The Foregoing Payments And Contributions; and (E) Applicable Banks and Other Financial Institutions to Honor and Pay All Checks and Transfers Drawn on the*

*Debtor's Payroll Accounts to Make the Foregoing Payments* (the "Motion"),[1] filed by the debtor and debtor in possession in the above-captioned case (the "Debtor"); the Court having reviewed the Motion and all pleadings related thereto, and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Motion and the Hearing was sufficient under the circumstances; it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; the Court finding that, absent the relief granted herein, the Debtor would suffer "immediate and irreparable harm," as such term is used in Bankruptcy Rule 6003; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein,

    **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED under 507(a)(4) and (a)(5) of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtor is authorized, but not directed, pursuant to sections 105(a), 363, and 1184 of the Bankruptcy Code, to continue to honor and pay in the ordinary course all prepetition amounts relating to: (i) Unpaid Wages, estimated to be approximately $40,000; (ii) Reimbursable Expenses, estimated to be an amount no more than $250; (iii) Payroll Taxes, estimated to be approximately $4,350; and (iv) Employee Welfare Programs, estimated to be $5,000.

3. The Debtor shall pay no more than ~~25~~10% in excess of each of the estimated amounts identified in the immediately preceding paragraph (the "Cap").

1. Notwithstanding anything to the contrary herein, in the event the Debtor seeks to pay amounts for prepetition Unpaid Wages, Reimburseable Expenses, Payroll Taxes, and/or Employee Welfare Programs, above the Cap, the Debtor shall file with this Court, and serve upon (i) the Office of the United States Trustee; and (ii) those creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims (cumulatively, the "Notice Parties"), a notice (each, a "Notice") specifying the amount over the Cap (the "Overage Amount") the Debtor is proposing to pay for prepetition Unpaid Wages, Reimburseable Expenses, Payroll Taxes, and/or Employee Welfare Programs.  The Notice Parties shall have fourteen (14) calendar days from the date of service to object to a Notice.  Any such objection shall be timely filed with the Court and served upon

the Debtor, Attn: Stephen M. Gross, Esq. and Ashley Jericho, Esq., McDonald Hopkins PLC, 39533 Woodward Avenue, Suite 318, Bloomfield Hills, Michigan 48304 (sgross@mcdonaldhopkins.com; ajericho@mcdonaldhopkins.com). If an objection is timely filed and cannot be resolved within seven (7) calendar days after service of such objection, then the matter shall be scheduled for hearing before this Court. If no timely objection is filed and received, or if all timely objections have been withdrawn or otherwise resolved, then the Debtor shall be authorized to pay the Overage Amount as set forth in the Notice, without the need for a hearing or further order of this Court.

4. The Debtor is authorized, but not directed, pursuant to sections 105(a), 363, and 1184 of the Bankruptcy Code, to honor, in the ordinary course of business, all liabilities to the Employees that arose under their PTO policies or practices prior to the Petition Date.

5. The Debtor is authorized, but not directed, pursuant to sections 105(a), 363, and 1184 of the Bankruptcy Code, to continue to pay postpetition Wages in the ordinary course and in accordance with its prepetition practices and policies.

6. The Debtor is authorized, but not directed, pursuant to sections 105(a), 363, and 1184 of the Bankruptcy Code, to continue to pay all postpetition

Reimbursable Expenses in the ordinary course and in accordance with its prepetition practices and policies.

7.      The Debtor is authorized, but not directed, pursuant to sections 105(a), 363, and 1184 of the Bankruptcy Code, to continue to allocate and distribute all postpetition Payroll Taxes and any deductions in the ordinary course and in accordance with the Debtor's policies and prepetition practices.

8.      The Debtor is authorized, but not directed, pursuant to sections 105(a), 363, and 1184 of the Bankruptcy Code, to continue to make all payments to third parties incident to payment of the Employee Wages and Benefits.

9.      The Debtor is authorized, but not directed, to continue the Employee Welfare Programs.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume, adopt, or reject any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtor's estate; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

11. Subject to available funds, (i) the Debtor's banks are authorized to honor prepetition checks and transfers in accordance with this Order on or after the Petition Date, and (ii) the Debtor's banks and financial institutions are authorized to process and honor all other checks and transfers issued for payments approved by this Order and/or reissue checks for any payments approved by this Order where checks may be dishonored postpetition.

12. Any bank that honors a check or transfer in accordance with the immediately preceding paragraph may do so without any duty of further inquiry and without liability for following the Debtor's instructions.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

14. Pursuant to Bankruptcy Rule 6004(h), this Order is final and shall be immediately effective and enforceable upon its entry.

Document comparison by Workshare Compare on Thursday, April 18, 2024 3:21:56 PM

| Input: | |
|---|---|
| Document 1 ID | iManage://docs.mcdonaldhopkins.com/active/33475051/1 |
| Description | #33475051v1<docs.mcdonaldhopkins.com> - ACA Track - First Day Order (WAGES AND BENEFITS) |
| Document 2 ID | iManage://docs.mcdonaldhopkins.com/active/33475051/2 |
| Description | #33475051v2<docs.mcdonaldhopkins.com> - ACA Track - First Day Order (WAGES AND BENEFITS) |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 6 |
| Deletions | 1 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 7 |