# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| In re: | ) Case No. 24-43778-mlo |
| INTERACTIVE HEALTH BENEFITS LLC, d/b/a ACA Track, LLC, | ) Judge Maria L. Oxholm |
| Debtor. | ) Chapter 11<br>) *Subchapter V* |

## MOTION OF DEBTOR FOR AN ORDER GRANTING ADDITIONAL TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves this Court (the "Motion") for entry of an order extending the time period within which it must file its schedules of assets and liabilities and statements of financial affairs required pursuant to section 1116 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 1007 and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (collectively, the "Schedules and Statements"). In support of the Motion, the Debtor states as follows:

### STATUS OF THE CASES AND JURISDICTION

1. On April 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code.

2. The factual background regarding the Debtor, including its business operations and the events leading to the filing of the subchapter V case, is set forth in detail in the *Declaration of Todd Covert in Support of Chapter 11 Petition and First Day Motions* (the "Covert Declaration"), filed contemporaneously with this Motion and fully incorporated herein by reference.[1]

3. The Debtor is continuing in possession of its property and is continuing to operate and maintain its business as a debtor in possession pursuant to section 1184 of the Bankruptcy Code.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## SCHEDULES AND STATEMENTS

5. The Debtor, with the assistance of its management and proposed counsel, has begun to compile, but have not yet compiled all of the information required to complete the Schedules and Statements.

6. Completing the Schedules and Statements will require the collection, review and assembly of information from multiple sources. The Debtor has a number of creditors and a large number of contracts, and the Debtor must review and analyze books to accurately complete its Schedules and Statements.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Covert Declaration.

7. Therefore, due to the numerous critical operational matters that the limited personnel of the Debtor has been addressing in the early days of these cases, the Debtor believes that the 14-day automatic extension of time to file such Schedules and Statements provided by Bankruptcy Rule 1007(c) is not sufficient to permit completion of the Schedules and Statements. At this time, the Debtor estimates that an extension of 14 additional days (for a total of 28 days) will provide sufficient time to prepare and file the Schedules and Statements, while still complying with the requirements of section 1116 of the Bankruptcy Code.

8. Nevertheless, the Debtor recognizes the importance of the Schedules and Statements to creditors and other parties in interest, and intends to complete the Schedules and Statements as soon as is practicable. The Debtor has been diligently working since the Petition Date to compile the necessary information to complete the Schedules and Statements, but it requires some additional time beyond the current May 30, 2024 deadline.

## **RELIEF REQUESTED**

9. The Debtor seeks entry of an order pursuant to section 1116 of the Bankruptcy Code and Rule 9006(b) extending the time to file its Schedules and Statements by fourteen (14) days, through and including May 14, 2024, without prejudice to the Debtor's ability to request additional time, should it become

necessary. The Debtor requested concurrence from the United States Trustee, but concurrence was not granted.

## **BASIS FOR RELIEF**

10. Section 1116 of the Bankruptcy Code authorizes the Court after notice and a hearing, to extend the time required for filing of the Schedules and Statements, not to exceed 30 days after the date of the order for relief, absent extraordinary and compelling circumstances.

11. Bankruptcy courts routinely extend the deadline for filing Schedules and Statements in chapter 11 cases involving complex business operations with numerous creditors and contract counterparties.[2]

12. The Debtor likewise requires additional time to prepare and file its Schedules and Statements. The Debtor's business operations are complex and involve many vendors and contract counterparties, and the demands placed upon its management at this early stage of the bankruptcy proceedings are significant.

13. Accurate and thorough preparation of the Schedules and Statements will require significant attention from the Debtor's professionals and will detract from the operation of the Debtor's businesses and its early reorganization efforts.

---

[2] Courts in this district have granted chapter 11 debtors extensions of time to file their schedules and statements. *See e.g.*, *In re Intermet Corp.*, Case No. 04-67597 (Bankr. E.D. Mich., filed Sept. 29, 2004); *In re Big Buck Brewery & Steakhouse*, Case No. 04-56761 (Bankr. E.D. Mich., filed June 10, 2004); *In re NM Holdings Company, LLC*, Case No. 03-48939 (Bankr. E.D. Mich., filed Mar. 28, 2003); *In re VSI Holdings, Inc.*, Case No. 02-66677 (Bankr. E.D. Mich., filed Nov. 8, 2002); *In re Oxford Automotive, Inc. (Oxford I)*, Case No. 02-41400 (Bankr. E.D. Mich., filed Jan. 18, 2002).

Moreover, creditors and other parties in interest will not be significantly harmed by the proposed extension, because the Schedules and Statements will be filed with sufficient time to meaningfully inform creditors and parties in interest of the Debtor's financial affairs. The meeting of creditors is scheduled for May 22, 2024.

14. Accordingly, the Debtor respectfully submits that extending the time for the Debtor to file the Schedules and Statements is consistent with established precedent and is warranted under the circumstances.

## NOTICE

15. Notice of this Motion has been served on the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States; (ii) the Internal Revenue Service; (iii) those creditors listed on the Debtor's List of Creditors Holding 20 Largest Unsecured Claims; and (iv) those parties who have requested service of notice in these cases. In light of the nature of the relief requested herein, the Debtor submit that no other or further notice is necessary.

## NO PRIOR REQUEST

16. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, extending the time by fourteen (14) days, through and including May 14, 2024, for the Debtor to file its Schedules and Statements, and granting such other and further relief as is just and proper.

Dated: April 26, 2024

Respectfully submitted,

*/s/ Stephen M. Gross*
**MCDONALD HOPKINS PLC**
Stephen M. Gross (P35410)
Ashley J. Jericho (P72430)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075
Email: sgross@mcdonaldhopkins.com
ajericho@mcdonaldhopkins.com

*Proposed Counsel to the Debtor and Debtor in Possession*

# EXHIBIT A

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| In re: | ) Case No. 24-43778-mlo |
| | ) |
| INTERACTIVE HEALTH BENEFITS LLC, d/b/a ACA Track, LLC, | ) Judge Maria L. Oxholm |
| | ) |
| | ) Chapter 11 |
| Debtor. | ) *Subchapter V* |
| | ) |

## ORDER EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS

Upon the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order extending the time for the Debtor to file its Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "Schedules and Statements") pursuant to section 1116 of the Bankruptcy Code and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED.

2. The time within which the Debtor shall file its Schedules and Statements is extended, pursuant to section 1116 of the Bankruptcy Code and Bankruptcy Rule 9006(b), by fourteen (14) days, through and including May 14, 2024, without prejudice to the Debtor's rights to seek an additional extension upon cause shown.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.