# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 24-43778-mlo |
| | ) | |
| INTERACTIVE HEALTH BENEFITS LLC, d/b/a ACA Track, LLC, | ) ) | Judge Maria L. Oxholm |
| | ) | Chapter 11 |
| Debtor. | ) | *Subchapter V* |
| | ) | |

## DEBTOR'S PLAN PROGRESS REPORT

The above-captioned debtor and debtor in possession (the "Debtor") hereby submits this plan progress report (this "Report"), pursuant to section 1188(c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and the *Order Establishing Guidelines and Procedures for Small Business Debtor under Subchapter V of Chapter 11* [Docket No. 52] (the "Scheduling Order"), and respectfully states as follows:

1. On April 16, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code (this "Case").

2. The Debtor is continuing in possession of its property and is continuing to operate and maintain its businesses as debtor in possession pursuant to section 1184 of the Bankruptcy Code.

3. Todd Covert, in his capacity as Chief Executive Officer and sole

member of the Debtor, is the responsible person for the Debtor.

4. Kimberly Clayson has been appointed Subchapter V Trustee in this Case.

I. **Overview of the Debtor's Business**

5. The Debtor is an industry leader in providing Internal Revenue Service and State Individual Health Mandate reporting services to large employers in accordance with the requirements of the Affordable Care Act. The Debtor implements its proprietary software to assist its customers in meeting their federal and state reporting obligations on a yearly basis and collects data over the course of the year to conduct necessary audits.

6. The Debtor enters into agreements with employers to provide this service on an annual basis, and it bills customers for these services quarterly. The Debtor generates revenue through quarterly invoices, which are paid in advance for services performed at year-end. The revenue received throughout the year is used to pay the Debtor's ongoing business expenses.

7. The Debtor was organized in Michigan on December 3, 2013. The business has been operating since 2014. The Debtor's business is run remotely. It has no physical office space.

2

8. The Debtor is managed by Todd Covert and Christine Covert, Chief Financial Officer. The Debtor employs twenty employees and three independent contractors, all of whom work remotely.

## II. Events Leading to Bankruptcy

9. The Debtor has historically been profitable. The debtor had total revenue of more than $5,000,000.00 in 2022 and 2023. Based on past performance, the Debtor is expected to generate approximately $1,200,000.00 annually in excess cash flow, prior to paying compensation in the technical form of LLC distributions to its sole member.

10. As of the Petition Date, the Debtor has no secured debt and minimal undisputed, unsecured debt. The Debtor has historically been able to pay its debts as they come due.

11. The Debtor has been involved in litigation since 2022 with a former employee, Jerry Dagenais, relating to claims with respect to a breach of an employment contract.[1] On January 17, 2024, after a jury trial, a judgment (the "Judgment") was entered in favor of Mr. Dagenais and against the Debtor in the amount of $2,481,882.53 (the "Judgment Amount").

12. On March 25, 2024, after various post-trial motions, the Debtor filed a

---

[1] *Jerry Dagenais v. ACA Track, LLC, et al.*, Case No. 2022-193587-CB, Oakland County Circuit Court, State of Michigan (J. Warren).

claim of appeal (the "Appeal").2 On April 4, 2024, Mr. Dagenais filed a Claim for Cross-Appeal. The Debtor has been advised that it has a strong basis for success on appeal.

13. The Debtor did not have a business liability insurance policy that covers the Judgment. The Debtor did not have sufficient cash available to fund the full bond amount to obtain a stay pending appeal. Mr. Dagenais, through counsel, indicated that he would begin collection efforts while the appeal is pending.

14. Given the nature of the Debtor's business, if Mr. Dagenais had taken action to garnish the Debtor's bank accounts and/or its accounts receivable or otherwise enforce the judgement, the Debtor would not have had any cash available to fund operations and would have been forced to immediately cease doing business.

15. The Debtor, through counsel, engaged in discussions with Mr. Dagenais's counsel regarding potential options for a consensual resolution to settle Mr. Dagenais' claims, and when this was unsuccessful, negotiations regarding a reduced bond amount and a stay on collections pending appeal. Despite these efforts, the Debtor and Mr. Dagenais were unable to come to agreeable terms

---

2 *ACA Track, LLC v. Jerry Dagenais*, COA Docket No. 370205, Court of Appeals for the State of Michigan.

resulting in Mr. Dagenais commencing efforts to collect on the judgment. According, the Debtor's last resort was to file this Case.

### III. Efforts Since the Petition Date and Plan for the Case

16. Since the Petition Date, the Debtor has worked to address the concerns of various constituents, including the Office of the United States Trustee, the Subchapter V Trustee, various creditors, and the Debtor's customers.

17. The Debtor is in the process of formulating a plan (the "Plan") which is expected to be filed on or before July 15, 2024 deadline, in compliance with section 1189 of the Bankruptcy Code and the Scheduling Order.

18. The Debtor intends to file a plan of reorganization, pursuant to which it intends pay the allowed amounts of all of its creditors' claims (including any allowed claim of Mr. Dagenais, in the event that the Appeal is unsuccessful) the total amount of its disposable income, after payment of taxes owed by its sole member and reasonable market value compensation to Mr. Covert (for his role as Chief Executive Officer) and Mrs. Covert (for her role as Chief Financial Officer), during the pendency of the plan. The Debtor expects the Plan to include four types of creditors and one class of equity security holders. The Debtor expects the four types of creditors to be (i) administrative, (ii) secured,[3] (iii) priority, and (iv) unsecured.

---

[3] The Debtor does not believe there are creditors with secured claims that may be asserted in this Case. For the avoidance of doubt, the Debtor intends to include a class for secured

19. With respect to the claim of Mr. Dagenais based on the Judgment, the Debtor will propose that the portion of the plan payments to be paid on any allowed claim would be deposited into an escrow account pending the outcome of the appeal. The Debtor intends to object to any claim filed by Mr. Dagenais based on the Judgment and seek to cap the amount of such claim under section 502(b)(7) of the Bankruptcy Code.

20. On May 16, 2024, the Court entered the stipulated *Order Modifying the Automatic Stay for Limited Purpose of Continuing Pending Appeal* [Docket No. 67].

21. After resolution of the Appeal, if the Debtor is unsuccessful, the escrowed funds would be disbursed to Mr. Dagenais on any allowed claim, and the Debtor would pay all additional plan payments directly to Mr. Dagenais thereafter.

22. Debtor's counsel has been in regular communications counsel for Mr. Dagenais, both prior to and following the Petition Date to discuss options for a consensual path forward. The Debtor and Mr. Dagenais have agreed to participate in mediation and are working to arrange an agreeable date with Judge Phillip J. Shefferly (retired) at JAMS.

23. The Debtor does not have any unexpired leases of real property. Unless rejected under the Plan or subject to a separate motion to assume or reject filed prior

---

creditors in the Plan to address such claims in the event a creditor files a proof of claim asserting a secured claim.

to the Plan confirmation hearing, the Debtor anticipates that it will assume all of its executory contracts as of the date of entry of an order confirming the Plan.

24. The Debtor will continue to work with the Subchapter V Trustee, its creditors, and all parties in interest to propose a consensual Plan.

Dated: May 16, 2024

Respectfully submitted,

 /s/ Ashley J. Jericho
**MCDONALD HOPKINS PLC**
Stephen M. Gross (P35410)
Ashley J. Jericho (P72430)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075
Email: sgross@mcdonaldhopkins.com
      ajericho@mcdonaldhopkins.com

*Counsel to the Debtor and Debtor in Possession*

 /s/ Todd Covert
Interactive Health Benefits, LLC
By: Todd Covert
Its: CEO and Sole Member

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 24-43778-mlo |
| | ) |
| INTERACTIVE HEALTH BENEFITS LLC, d/b/a ACA Track, LLC, | ) Judge Maria L. Oxholm |
| | ) |
| | ) Chapter 11 |
| Debtor. | ) Subchapter V |
| | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2024, the foregoing Debtor's Plan Progress Report was filed electronically. Notice of this filings will be sent to all parties requesting service via the Court's Electronic Case Filing System. Parties may access these filings through the Court.

Dated: May 16, 2024

Respectfully submitted,

*/s/ Ashley J. Jericho*
MCDONALD HOPKINS PLC
Stephen M. Gross (P35410)
Ashley J. Jericho (P72430)
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075
Email: sgross@mcdonaldhopkins.com
ajericho@mcdonaldhopkins.com

*Counsel to the Debtor and Debtor in Possession*